UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RAEVON TERRELL PARKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20-CV-219 SRC |
| SHARION RENEE SETTLE, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Raevon Terrell Parker for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### **The Complaint**

Plaintiff filed his "Complaint for a Civil Case Alleging Negligence" on February 6, 2020, against defendant nurse practitioner Sharion Renee Settle. ECF No. 1 at 1-2. According to the complaint, the basis for federal court jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 3. Plaintiff states that he is citizen of the state of California and that defendant Settle is a citizen of the state of Missouri. *Id.* The Court notes that Plaintiff also asserts on the Civil Cover Sheet that he resides in Beverly Hills, California. ECF No. 1-1. However, in the 'Parties to This Complaint' section of his complaint, plaintiff lists an address in St. Louis, Missouri. ECF No. 1 at 1. For the "amount in controversy," plaintiff states: "The case raises the question of the value

of life." *Id.* at 3-4. But later in the complaint, plaintiff asks the Court for 5 million in damages. *Id.* at 4-5.

The allegations of the complaint are difficult to decipher. First, plaintiff alleges that defendant refused medical treatment and only at the insistence of plaintiff, did defendant eventually receive life-saving treatment. However, this event where plaintiff had to convince defendant to seek medical treatment, sent plaintiff into a panic which required plaintiff to be hospitalized by his psychologist. ECF No. 1 at 4. Second, plaintiff alleges that defendant breached a verbal contract with plaintiff over the conveyance of a Jaguar automobile. *Id.* at 5. It is unclear how these two incidents are related, if at all.

On the same date that plaintiff filed the instant matter, he also filed two other cases with this Court against the same named defendant, Sharion Renee Settle.[1] *See Parker v. Settle*, No. 4:20-CV-214-AGF (E.D. Mo. filed Feb. 6, 2020) (dismissed Feb. 12, 2020); *Parker v. Settle*, No. 4:20-CV-216-AGF (E.D. Mo. filed Feb. 6, 2020) (dismissed Feb. 10, 2020). On the complaints for both of these other matters, plaintiff states that he is a citizen of the state of Missouri. *See Parker v. Settle*, No. 4:20-CV-214-AGF, ECF No. 1 at 3; *Parker v. Settle*, No. 4:20-CV-216-AGF, ECF No. 1 at 3. Both of these other cases have been dismissed for lack of subject matter jurisdiction.

## Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990);

---

[1] The Court takes judicial notice of its records regarding these related civil proceedings. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

*see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action clearly does not arise under the Constitution, laws or treaties of the United States. Therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Based on the complaints filed by plaintiff in the two other matters filed the same date as the instant matter, and the address he lists on the complaint in this matter, it does not appear that diversity jurisdiction exists here either because the parties appear to both be citizens of the state of Missouri.

The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). A district court's conclusion as to citizenship for purposes of federal diversity jurisdiction is a mixed question of law and fact. *Id.* To determine plaintiff's citizenship, the Court looks to plaintiff's place of domicile, or where he resides. When there is debate as to domicile, the Court

looks to whether plaintiff is present in the purported state of domicile and his intention to remain there indefinitely. *See Id.*

The Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. Plaintiff has twenty-one (21) days from the date of this Order to clarify, in writing, the state in which he resides. The Court reminds plaintiff that his factual contentions to the Court, including those regarding the citizenship of the parties, must have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 24th day of February, 2020.

*/s/ SLR.CR*

———————————————————
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE