# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAEVON TERRELL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-219 SRC |
| ) | |
| SHARION RENEE SETTLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the response of *pro se* plaintiff Raevon Terrell Parker to the Court's Order issued February 24, 2020. *See* ECF No. 3. In that Order, the Court directed plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction and specifically, to clarify the state in which he resides. Plaintiff's response does not clarify the state in which he resides, nor does it provide any basis for diversity jurisdiction over this matter. *See* ECF No. 4. Instead, plaintiff asks the Court to intervene on the basis that defendant is allegedly affiliated with the federal government. For the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### Background

Plaintiff filed his "Complaint for a Civil Case Alleging Negligence" on February 6, 2020, against defendant nurse practitioner Sharion Renee Settle. ECF No. 1 at 1-2. According to the complaint, the basis for federal court jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 3. Plaintiff states that he is citizen of the state of California and that defendant Settle is a citizen of the state of Missouri. *Id.* The Court notes that Plaintiff also asserts on the Civil Cover Sheet that he resides in Beverly Hills, California. ECF No. 1-1. However, in the 'Parties to This

Complaint' section of his complaint, plaintiff lists an address in St. Louis, Missouri. ECF No. 1 at 1. For the "amount in controversy," plaintiff states: "The case raises the question of the value of life." *Id.* at 3-4. But later in the complaint, plaintiff asks the Court for 5 million in damages. *Id.* at 4-5.

The allegations of the complaint are difficult to decipher. First, plaintiff alleges that defendant refused medical treatment and only at the insistence of plaintiff, did defendant eventually receive life-saving treatment. However, this event where plaintiff had to convince defendant to seek medical treatment, sent plaintiff into a panic which required plaintiff to be hospitalized by his psychologist. ECF No. 1 at 4. Second, plaintiff alleges that defendant breached a verbal contract with plaintiff over the conveyance of a Jaguar automobile. *Id.* at 5. It is unclear how these two incidents are related, if at all.

On the same date that plaintiff filed the instant matter, he also filed two other cases with this Court against the same named defendant, Sharion Renee Settle.[1] *See Parker v. Settle*, No. 4:20-CV-214-AGF (E.D. Mo. filed Feb. 6, 2020) (dismissed Feb. 12, 2020); *Parker v. Settle*, No. 4:20-CV-216-AGF (E.D. Mo. filed Feb. 6, 2020) (dismissed Feb. 10, 2020). On the complaints for both of these other matters, plaintiff states that he is a citizen of the state of Missouri. *See Parker v. Settle*, No. 4:20-CV-214-AGF, ECF No. 1 at 3; *Parker v. Settle*, No. 4:20-CV-216-AGF, ECF No. 1 at 3. Both of these other cases have been dismissed for lack of subject matter jurisdiction.

On February 24, 2020, the Court granted plaintiff's motion for leave to commence this action without prepayment of the required fee. ECF No. 3. However, in the same Order, the

---

[1] The Court takes judicial notice of its records regarding these related civil proceedings. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

Court directed plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction, and specifically, for the plaintiff to clarify the state in which resides. *See* Fed. R. Civ. P. 12(h)(3).

### Plaintiff's Response to the Order to Show Cause

On March 5, 2020, plaintiff filed a response to the Court Order asking the Court "to intervene on the basis that [defendant] Mrs. Settle is a Nurse Practitioner which affiliates her with the Federal Government" and "to hear this cause because the defendant has a D.E.A. number which associates Mrs. Settle with the Federal Government." ECF No. 4 at 1. Apparently, plaintiff is no longer arguing that jurisdiction exists here based on diversity, but instead, that the Court should hear this case based on defendant's relationship with the federal government.

Plaintiff's response goes on to reiterate the confusing allegations of the complaint. Plaintiff details the events of March 8, 2019, when defendant Settle refused life-saving treatment until plaintiff persuaded her otherwise, and how the events of that day caused plaintiff trauma and required plaintiff to be hospitalized for psychiatric services. ECF No. 4 at 2-3. Plaintiff explains that he has known defendant Settle for more than twenty years and that they have three children together. *Id.* at 2. Finally, in the last few sentences of his response, plaintiff again states that defendant Settle owes him a 2017 Jaguar XE automobile. *Id.* at 4. Plaintiff claims that defendant Settle made a verbal contract with him that she would purchase the automobile for him in exchange for plaintiff getting defendant medical treatment. Plaintiff alleges that defendant has breached that verbal contract. *Id.*

### Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in

every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Based on the complaints filed by plaintiff in the two other matters filed the same date as the instant matter, and the address he lists on the complaint in this matter, it does not appear that diversity jurisdiction exists here. Both parties are citizens of the state of Missouri. Nothing in plaintiff's show cause response indicates otherwise. Therefore, the Court does not have jurisdiction to hear this case on the basis of diversity under 28 U.S.C. § 1332.

Furthermore, although plaintiff alleges that defendant Settle is associated with the federal government due to her being a nurse practitioner and because she has a "D.E.A. number," such allegations are irrelevant and do not form a basis for jurisdiction. Even if defendant was a federal government employee – which there is no evidence of – this alone would not establish

federal jurisdiction over this matter.  Nothing in plaintiff's complaint or responsive filing indicates that this action arises under the Constitution, laws or treaties of the United States. Therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of March, 2020.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE